Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED
2017 MAY 22 PM 3:27
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
☐☐☐☐ Division

Jason C. Noel

Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Elaine L. Chao
Secretary,
Department of Transportation
(~~Federal~~ Aviation Administration),

Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 6:17-CV-923-ORL-18-DCI
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☐ Yes ☒ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

  A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Jason C. Noel
   Street Address: ~~P.O. Box 836~~ 10443 Kingbrook Lane
   City and County: ~~Windemere,~~ Orlando
   State and Zip Code: Florida ~~34786~~ 32821
   Telephone Number: (646) 234-7471
   E-mail Address: noeljason@gmail.com

  B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name: Elaine L. Chao
   Job or Title (if known): Secretary; Dept. of Transportation; Federal Aviation Admin., Agency

Page 1 of 6

|  |  |
|---|---|
| Street Address | C/O Director, OCR, S-30, DOT, 1200 New Jersey Ave. S.E. |
| City and County | Washington, D.C. |
| State and Zip Code | 20590 |
| Telephone Number | (202) 366-9696 |
| E-mail Address (if known) | |

Defendant No. 2
- Name
- Job or Title (if known)
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address (if known)

Defendant No. 3
- Name
- Job or Title (if known)
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address (if known)

Defendant No. 4
- Name
- Job or Title (if known)
- Street Address
- City and County
- State and Zip Code
- Telephone Number
- E-mail Address (if known)

C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

- Name
- Street Address
- City and County
- State and Zip Code
- Telephone Number

II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to (check all that apply):

        Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

        (Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

        (Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

        (Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

☐     Other federal law (specify the federal law):

☐     Relevant state law (specify, if known):

☐     Relevant city or county law (specify, if known):

III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.     The discriminatory conduct of which I complain in this action includes (check all that apply):

        ☐     Failure to hire me.
        ☐     Termination of my employment.
        ☐     Failure to promote me.
        ☐     Failure to accommodate my disability.
        ☐     Unequal terms and conditions of my employment.
        ☐     Retaliation.
        ☒     Other acts (specify):     Disqualifying Plaintiff from holding a medical certificate, thereby making him ineligible for selection to the position of Air Traffic Control Specialist

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

February 11, 2009

C. I believe that defendant(s) (check one):

☐ is/are still committing these acts against me.
☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check all that apply and explain):

☒ race , perceived African American
☐ color
☒ gender/sex Male, perceived gay
☐ religion
☐ national origin
☐ age (year of birth) _____ (only when asserting a claim of age discrimination.)
☐ disability or perceived disability (specify disability)

E. The facts of my case are as follows. Attach additional pages if needed.

see attached

(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)

IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (date)

July 12, 2010

B. The Equal Employment Opportunity Commission (check one):

☐ has not issued a Notice of Right to Sue letter.
☒ issued a Notice of Right to Sue letter, which I received on (date) 2/28/2017 .

B.   For Attorneys

Date of signing: ☐☐☐☐☐

| | |
|---|---|
| Signature of Attorney | ☐☐☐☐☐ |
| Printed Name of Attorney | ☐☐☐☐☐ |
| Bar Number | ☐☐☐☐☐ |
| Name of Law Firm | ☐☐☐☐☐ |
| Street Address | ☐☐☐☐☐ |
| State and Zip Code | ☐☐☐☐☐ |
| Telephone Number | ☐☐☐☐☐ |
| E-mail Address | ☐☐☐☐☐ |

(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct (check one):

☐   60 days or more have elapsed.
☐   less than 60 days have elapsed.

V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/17/17

Signature of Plaintiff
Printed Name of Plaintiff   Jason C. Noel
10443 Kingbrook Lane
Orlando, FL 32821
646-234-7471

Page 5 of 6

1. The Plaintiff is an African American and is gay.

2. The record reflects that in 2005, Plaintiff applied to the Department of Transportation, Federal Aviation Administration, was selected for training, successfully completed the FAA Training Academy at Oklahoma City and was cleared medically (physically and psychologically) to be hired as an Air Traffic Controller.

3. The Plaintiff took and passed the Agency's psychological evaluation test pursuant to his selection in 2006.

4. The record indicates that the Agency was aware of Plaintiff's race by his application, and during the delay in processing his selection, the Agency became aware of Plaintiff's perceived sexual orientation-gay.

5. The Agency thereupon delayed the processing of Plaintiff's application for two years-which the Agency admits was its fault entirely-and in so doing, discriminated against Plaintiff.

6. Although not mandated, the Agency, after its delay in the processing of Plaintiff's selection, demanded that Plaintiff take an additional "refreshed" psychological evaluation.

7. Plaintiff offered, in his ROI statement, the examples of ATC new hires, Rupert Winchester and Isaiah Warren as two of the ATCs who he knew did not have to "refresh" the psychological test after a period of time during the application process that was longer than Plaintiff's. Neither one of these two were perceived as being gay.

8. The Agency's discriminatory delay resulted in an Agency decision to require Plaintiff take the new MMPI-2 test, even though he had successfully completed an earlier psychological test.

9. The Agency, after its perception of his sexual orientation, found Plaintiff's results to be 'unreliable', based upon the suspect and subjective theory that he may have had "elevated scores on the questions that were designed to ensure that the test taker was not adjusting his answers to align with what he thought would be most acceptable". This is a most unsubstantiated standard contrary to the acceptable results of Plaintiff's previous evaluation.

10. Plaintiff was then ordered to report to a Dr. Harris, who exhibited a prejudice against Plaintiff's sexual identity and mistook Plaintiff's honest assessment of being subjected to discrimination, as indications of thought and interpersonal dysfunction.

11. Dr. Harris' failed to ensure the required test standardization and testing atmosphere, pursuant to FAA Order 8500.3 Appendix A.

12. Dr. Harris failed to take and consider a proper medical history.

13. Dr. Harris exhibited a bias against Plaintiff's sexual orientation by noting his orientation and including the non-psychological notation that the Plaintiff, "had a lisp"-an obvious gay stereotype.

14. Dr. Harris flawed and discriminatory evaluation was never reconciled with Plaintiff's earlier test results and served as a basis for denying him employment.

V. Relief Sought

Plaintiff requests immediate reinstatement with adequate training.

Plaintiff requests back-pay in the amount of the difference between FAA salary and benefits and the pay he has received since his selection was terminated

Plaintiff requests non-pecuniary damages of emotional pain and suffering as a consequence of Agency's discrimination.